RIMA v. COWAN *et al.*

Tax sale: CONCLUSIVENESS OF DEED: SALE IN BULK. Tax deeds, showing land sold in parcels, alleged to have been sold in bulk, are conclusive upon that point. MILLER, J., not concurring.

*Appeal from Howard District Court.*

SATURDAY, JANUARY 28.

APPELLANT filed his petition in equity, stating his cause of action as follows:

"1. That he was the legal owner of the N. ½ of the N. W. ¼ of section 34, T. 100, N. of R. 11, W. of the 5th P. M.

"2. That the same was assessed for the year 1862 in separate forties and the tax extended separately thereon.

"3. That October 5, 1863, a tax sale thereof was made by the treasurer of Howard county, in bulk, to wit: As the N. ½ of the N. W. ¼ of section 34, T. 100, R. 11, that the same was not sold in separate parcels as assessed, that said sale was made to the defendant McClure Cowan, a certificate of the same in bulk executed to said Cowan, and that said sale was void.

"4. Plaintiff further avers that said certificate was assigned to defendants, Charles and Agustus Niensted, and that they have obtained to themselves two separate deeds therefor, copies of which are hereto annexed, marked 'A' and 'B.'"

To this petition the defendants interposed a demurrer, which was sustained on the third ground thereof, as follows:

"3. That said petition states facts which avoid the cause of action in this: 1st. It states that said certificate of sale was duly assigned to the defendants, Charles and Augustus Niensted. 2d. That Charles Niensted procured from the treasurer of said county tax deeds of said premises,

copies of which are annexed to said petition and marked part thereof. 3d. That the first of said deeds is dated, acknowledged and recorded October 6, 1866, and conveyed to said defendants Niensted the N. E. ¼ of the N. W. ¼ of section 34, T. 100, R. 11, west. And the second of said deeds is also dated, acknowledged and recorded October 6, 1866, and conveyed to said defendants Niensted the N. W. ¼ of the N. W. ¼ of said section."

To this ruling the plaintiff excepted and appeals.

*L. Bullis* for the appellant.

*George Gray* for the appellees.

MILLER, J. — The theory upon which the demurrer was sustained was, that the copies of deeds annexed by the plaintiff to his petition, on their face show a separate sale of each forty acres of the land in question ; that the deeds being made part of the petition, and contradicting the averment that the land was sold in bulk, were conclusive that the two tracts were separately sold.

The petition avers that the land was assessed in separate parcels ; that it was, however, sold in bulk, and for that reason the sale is void.

It is further averred that, notwithstanding the two tracts assessed separately were sold in bulk, yet, in order to avoid the illegality thus committed, the defendants procured a deed to be made by the treasurer for each separate tract, reciting a separate sale of each, but that, nevertheless, the sale was illegal and void. The court below, in sustaining the demurrer, held that the deed was conclusive in this respect.

In this ruling there was, in my opinion, error. This court, in *McCready* v. *Sexton & Son*, 29 Iowa, 356, held, that that provision of section 784 which makes the tax deed conclusive evidence that the land described therein was sold, as stated

in the deed, was in conflict with the constitution; that it was not competent for the legislature to deprive a party of his land for delinquent taxes thereon without a sale; that a sale is essential to the exercise of the taxing power; and that to deprive a party of his land without a sale would be to do so without due process of law.

It is well settled by the adjudications of this court, that a sale for taxes of several distinct tracts or parcels of land in gross is null and void. *Penn* v. *Clemans*, 19 Iowa, 372, and authorities cited on page 379, in the opinion of COLE, J. See, also, the following cases: *Boardman* v. *Bourne*, 20 Iowa, 134; *Byam* v. *Cook*, 21 id. 392; *Ferguson* v. *Heath*, id. 438; *Harper et al.* v. *Sexton et al.*, 22 id. 442; *Ackley* v. *Sexton*, 24 id. 320; *Corbin* v. *De Wolf*, 25 id. 124; *Wallace* v. *Berger*, id. 456; *Eldridge* v. *Kuehl*, 27 id. 160. Among these cases there are two (*Corbin* v. *De Wolf* and *Eldridge* v. *Kuehl*) holding that when two tracts, of forty acres each, are listed and assessed together as one tract of eighty acres, the eighty may lawfully be sold as one tract, but when assessed separately, or they are, in fact, distinct, they cannot be sold in gross. The averment of the petition in this case is, that this land was assessed as two separate forties, whereas it was sold in gross.

It is also well settled by numerous cases in this court, and, indeed, by all courts, that, where it is sought to divest the title to real estate on account of the non-payment of taxes due thereon, a strict compliance with the law is essential to the validity of the sale. *Scott* v. *Babcock*, 3 G. Greene, 133; *Gaylord* v. *Scarff*, 6 Iowa, 179; *McGahen* v. *Carr*, id. 331; *Abell* v. *Cross*, 17 id. 171.

The deed then not being conclusive evidence of the sale, and it being averred that the sale was of two separate tracts in gross, which we have seen was not in conformity with the law; and as the requirements of the law must be strictly followed in order to make a valid sale of lands for

Rima v. Cowan.

taxes, it follows that no valid sale was made of these lands. If the sale was invalid, it is the same as if there had been no sale whatever — the same as though the treasurer had made the deeds without having even offered the lands for sale.

The deed not being conclusive that a sale was made for taxes, an averment in a pleading that the lands were *not sold* would not be overborne by an annexed deed reciting that they were.

A void sale is as no sale. A sale in mass of several distinct tracts of land for a gross sum is void and therefore no sale. So that an averment of the facts showing that the sale is void is equivalent to an averment that there was no sale. Entertaining these views, the writer of this opinion holds that the demurrer should have been overruled. The majority of the court, however, hold, that while the general assembly has no constitutional power to deprive the owner of his land for taxes delinquent thereon, without a sale thereof, and therefore cannot make a tax deed conclusive evidence of the *fact of sale*, yet the general assembly possesses full authority to prescribe the *manner* of making the sale, and, consequently, may constitutionally make the tax deed conclusive evidence that the sale was made in the *manner* thus prescribed. And therefore the deeds in this case are conclusive that the lands were sold in the *manner* directed by the statute and cannot be contradicted by proof or averment.

The judgment is therefore

Affirmed.