## LEAVITT v. WATSON.

1. **Tax sale and deed: DEED AS EVIDENCE.** A tax deed is *prima facie* evidence of the *fact* of sale, and conclusive evidence of the *manner* thereof and the regularity of the proceeding.

2. —— **BID IN WRITING.** The purchaser handed his bid to the treasurer in writing, who, there being no other bid, entered the land as sold to such bidder. *Held*, to be a *sale in fact*, though the *manner* prescribed by law was not followed.

*Appeal from Benton District Court.*

THURSDAY, SEPTEMBER 18.

THIS action is brought by the plaintiff to set aside and annul a certain tax deed of lands, of which he claims to be the owner, and which he states in his petition were illegally sold by the treasurer of Benton county. The cause was tried in equity by the first method, and a decree rendered for plaintiff. Defendant appeals.

*C. H. Conklin* for the appellant.

*J. C. Traer* and *Shane & McCartney* for the appellee.

MILLER, J. — The plaintiff claims to be the owner in fee of the lands described in his petition, to which he alleges the defendant claims title under and by virtue of a sale thereof for taxes, but he attacks such sale as void on the ground that there was no sale thereof in fact for taxes by the treasurer as the deed recites. This is the only question presented in argument. No question is made as to the form or regularity of the tax deeds under which defendant claims title to the land.

The tax deeds, while they are not *conclusive* evidence of the fact of a sale of the lands for taxes, they are *prima facie* evidence of such sale. *McCready* v. *Sexton & Son*, 29 Iowa, 398. In order therefore to entitle the plaintiff to a decree annulling the tax deeds he must overcome this *prima facie* case made by the tax deeds. The only evidence offered for this purpose is the testimony of Alexander Runyon, who was the county

treasurer at the time the lands purport to have been sold for taxes (1862,) whose deposition was taken first by the plaintiff, and afterward by the defendant.

The substance of Runyon's testimony is that he had no definite personal recollection of the manner in which these lands in controversy were sold for the taxes due thereon; that his general custom in respect to the sale of lands for delinquent taxes was to give public notice at the court-house door that there would be a sale of lands for taxes; that persons wishing to purchase would usually hand in their bids, or a list of lands they wanted, and on which they were willing to pay the taxes due, and if there was no competition he received such bids and treated the lands thus bid for as sold to such persons, marked them accordingly and issued certificates of sale to them. He has no personal recollection but *supposes* the lands in controversy were sold in this manner.   Sometimes there was competition, in which case they were allowed the privilege of bidding according to law.

Now it may be conceded that if the lands in question were sold according to this custom or habit of the treasurer, viz.: of receiving bids on paper, and if no further bids were made for the same land, to enter it as sold to such bidder, without *publicly crying* the bid, and without *publicly striking* down the land as sold, such sale would not be made in the *manner* required by the statute, yet it would be a sale in fact nevertheless.   The evidence of the treasurer shows that his custom was to publicly offer the lands for sale for the taxes delinquent thereon; that if bids were handed in, and there were no other bids for the same land, he entered the same as sold without further offering the land for sale.   Now while this may have been irregular and not according to the *manner* in which the sales ought to have been made, it was nevertheless a sale in fact.   In other words, this evidence fails to show that there was not a sale in fact of these lands.   It fails to rebut the *prima facie* case made by the deed.   It merely shows, if it shows at all, that the land in question was thus sold, that the *sale was not made in the manner* prescribed by the statute,

but fails to show that there was no sale in fact. As to the *manner* of making the sale the deed is conclusive, and the evidence of the treasurer cannot be received to contradict the deed in this respect. *McCready* v. *Sexton & Son, supra; Rima* v. *Cowan*, 31 Iowa, 125.

The position of appellee's counsel is that unless the sale is a legal one it is to be treated as no sale whatever, and the argument is that the sale is not legal unless made in strict compliance with the directions of the statute. To adopt this view would be to constitute the *manner* of making the sale the essential thing, whereas the *sale* is the essential matter, so essential to the validity of a tax title that the legislature has no power to dispense with it, or to make the tax deed conclusive evidence of it. *McCready* v. *Sexton & Son, supra; Rima* v. *Cowan, supra.* In order to divest the title of the owner of lands, by a sale thereof for taxes, there must be a sale *in fact*, but it is not essential that it should be *in form* and *manner* as the law directs; hence it is competent for the legislature to provide, as it has done, that the tax deed shall be conclusive evidence " that the sale was conducted in the manner required by law." (Rev., § 784.)

We, therefore, hold as the result of prior decisions that as to the *manner* of sale the defendant's tax deeds are conclusive evidence, and as to the *fact* of sale the deeds are *prima facie* evidence, which, in our judgment, the evidence of Runyon, the treasurer, does not overcome. The judgment of the district court must therefore be

Reversed.