PHELPS v. MEADE ET AL.

1. **Tax Deed:** CONCLUSIVENESS OF.   If there was a *bona fide* sale, in substance or in fact, the tax deed is conclusive evidence that it was done at the proper time and conducted in the proper manner.

2. ——: EVIDENCE.   Whether parol evidence is competent to contradict the statement in the records and the recital in the tax deed that the sale was held at the time specified therein, *quære.*

3. ——: ——: IRREGULARITY IN TIME OF SALE.   Where a tax deed, regular in form, recited that the land was sold January 4, and the treasurer testified that the sales of land in the county for delinquent taxes began upon that day and were continued until the 18th, and that he entered all the sales as of the date of the commencement; *held,* that a sale of land at any time during the continuance of the sales was valid and that the recording of the sale as of the first day would not impair the title.

*Appeal from Cass District Court.*

MONDAY, OCTOBER 25.

THIS is a suit commenced to set aside a tax deed for the N. E. ¼ of N. E. ¼ of Sec. 13, township 77, range 35 West, containing 40 acres.   The plaintiff avers that he is the owner

thereof, by title derived from the government down to himself; that the defendant claims some title, or interest therein by virtue of a tax deed made by the treasurer of Cass county to Orlando Meade, and subsequent conveyances from him; that said title is claimed under a pretended tax sale held by the treasurer of Cass county on the 4th of January, 1864. He avers that said sale, and tax deed thereon are void, because there was no sale in fact of said land; and because the pretended sale was fraudulent; that the treasurer never offered said land at public auction, nor was it ever bid in by Orlando Meade, or struck off to him; that long after January 4th, 1864, at which time it purports to have been sold, and at a time unauthorized by law, the treasurer entered said land as being sold on January 4th, 1864, to said Orlando Meade, and secretly and fraudulently issued tax certificates thereon; that said pretended sale was made to defraud the owner of said land, and that it was never advertised for sale. The defendants for answer, 1st, deny the allegations of plaintiff's petition; 2nd, admit that they claim title to said land by virtue of a tax sale, and deed; and deny that there was not a sale in fact of the land to Orlando Meade, by the treasurer of Cass county; and aver that said land was not redeemed within three years from the sale, and that after such time of redemption had expired, a deed of said land was duly executed to the defendant, Orlando Meade, by the treasurer of Cass county, and recorded on the 31st day of January, 1867. That said Meade afterwards conveyed said land to the defendant Callanan, who was a purchaser for value, and in good-faith without any knowledge of any defect; that afterwards Callanan conveyed to the defendant McDermott, who was also a purchaser in good faith, and for value. Upon these issues the cause was tried by the District Court upon depositions, and judgment rendered in said court in February, 1875, dismissing the plaintiff's petition absolutely and at his costs. The plaintiff appeals.

*Phelps & DeLano*, for appellant.

The statute of limitations does not bar an action to recover land from tax sale, where it is based upon the ground that

there never was a sale as recited in the deed. (*McManus v. Estes*, 22 Iowa, 246; *Case v. Albee*, 28 Id., 277; *McGrady v. Sexton*, 29 Iowa, 356.)

*Barcroft, Given & Drabelle*, for appellees.

The tax deed being conclusive as to the time, place and manner of sale, parol testimony upon those points is inadmissible. (*Clark v. Thompson*, 37 Iowa, 536; Blackwell on Tax Titles, pp. 510-1-2; *Bisco v. Caulton*, 18 Ark., 438; *Lamb's Heirs v. Gilbert*, 6 McLean, 365.) The records of the commissioner's office are proof of all the facts connected with the sale of lands for taxes; parol evidence is not admissible. (*McCall v. Lanmar*, 4 Watts, 351; *Jackson v. Daily*, 5 Wend., 526.) The deed is conclusive as to time, place and manner of sale. (*McCrady v. Sexton*, 29 Iowa, 356; *Hurley v. Powell*, 31 Id., 64.) Failure to comply with statutes prescribing time and manner of the discharge of his duties does not render the acts of a public officer void. (*Shaw v. Orr*, 30 Iowa, 355.) The neglect of the treasurer to note the sale in his book at the proper day cannot affect the right of the purchaser. (*Negus v. Yancey*, 23 Iowa, 417; *Hill v. De Wolf*, 28 Id., 577.)

COLE, J.—This cause was, by stipulation of the parties, submitted and heard in the court below, and also in this court, upon the evidence taken in the case of Michael Hurley v. Dexter Reynolds, Orlando Meade and J. Callanan, pending in the Circuit Court of the U. S. for the District of Iowa, which involved the validity of a tax title derived under the same tax sale made at the same time, and in the same manner. It is not questioned but that under our statute of limitations, Code, Sec. 902, (being the same in effect as the Revision, Sec. 790,) if there was a sale, in fact, by the treasurer, of the land in controversy, this action is barred. It is also equally true under our revenue law, and the decisions thereunder, that a tax deed is conclusive evidence of the due performance and regularity of every step and proceeding in tax sales, as to time and man-

ner of sale, etc.; that no matter how informal or irregular the sale may have been conducted by the treasurer, if there was a *bona fide* sale, in substance or in fact, the tax deed is conclusive evidence that it was done at the proper time and manner, these being merely directory and not fundamental. *McCready v. Sexton et al.*, 29 Iowa, 356; *Rima v. Cowan*, 31 Iowa, 125; *Hurley v. Powell*, 31 Iowa, 64; *Levitt v. Watson*, 37 Iowa, 93; *Shaw v. Orr*, 31 Iowa, 355; *Laird v. Husted*, 12 Harris Penn. State, 45. But it is claimed by the plaintiff that there was no sale in fact, and therefore the right of the plaintiff to contest the validity of the tax deed still exists, citing *Case v. Albee*, 28 Iowa, 277.

1. TAX DEED: conclusiveness.

The records of the sale book kept by the treasurer show that the sale took place on the 4th day of January, 1864, and the tax deed shows the same thing; but the plaintiff introduces the depositions of E. W. Davenport, of Isaac Dickerson, the treasurer, who made the sale, John Warford, who was the agent for Meade & Reynolds in making the purchase of the land, and of J. N. Cornish and others to show that there was no sale of land in fact, or if at all, not till about the 18th day of January, 1864; and therefore it is claimed that it was at a time not authorized by law, and hence no sale, or, if any, a fraudulent sale. This testimony was objected to as being incompetent to contradict the record of the tax sale and deed, it being parol testimony, and appellee's counsel cite these authorities to support the objection: *Bisco v. Coulton*, 18 Ark., 438; *Hunnerman v. Fire District*, 37 Vermont, 30; *Lamb's Heirs v. Gilbert.* 6 McLean, 365; *McCall v. Lonman*, 4 Watts, 351; *Burns v. Lyon*, 4 Watts, 363; *Jackson v. Daily*, 5 Ward., 526. There may be a fair doubt whether the testimony was admissible under these decisions, but it is unnecessary to decide that question; for admitting the testimony to be competent, it wholly fails to show there was no sale of the land, but really shows a sale of it on or about the 18th day of January, 1864. Neither is it shown there was any fraud in the sale. A careful consideration of all the evidence satisfies us that there was a sale in fact of the land by the treasurer, and

2. ———: evidence.

3. ———: ———: irregularity.

that there was no fraud in the sale on the part of any one, nor any fraudulent combination among the bidders. The sale was made in January, 1864, at a time when there was, as a rule, no competition among bidders at tax sales for wild land in any part of the state; for that, as was the fact shown by the evidence in this case, there was more land for sale for taxes than all the purchasers would buy, and much of it remained unsold after the January sale was completed; and for this reason the sale was adjourned to a subsequent time, and from time to time thereafter, for want of bidders. At that time the value of the land sold for taxes was probably not much in excess of the delinquent taxes. See *Swartz v. Funk*, U. S. Circuit Court, Dist. of Iowa, Western Jurist, Vol. 9 page 412. The manner of the sale, if irregular at all, upon which there is some conflict, was not more so than in the case of *Leavitt v. Watson*, 37 Iowa, 93, and in all cases of irregularity merely, we have held that it does not affect the validity of the tax deed. But it is claimed that since the deed recites the sale to have been on January 4th, 1864, while the oral testimony shows that it was on the 18th day of that month, it is sufficient to vitiate the deed. Without determining, as before stated, whether or not oral evidence taken several years after the transaction, tending to contradict the record of the sale and deed, is competent at all for such a purpose, we are satisfied that the facts shown in this case do not at all affect the validity of the deed in controversy. It appears from the evidence that there were some 60,000 acres or 1,500 pieces of land for sale for delinquent taxes in Cass county, and the sale was begun on January 4th, 1864, and that it was *continued* from day to day until after the 18th of that month, when, after the land had all been offered and some still remained unsold, the sale was *adjourned* till March following.

Isaac Dickerson, the treasurer, who made the sale, testifies that he considered it right and proper to record the sales made by him from the 4th to the 18th of January, as of the day when the sale was *commenced*, and that it was his custom at a general or continued sale to enter all the sales made from day to day as of the date of the commencement of such sale.

Under the law in force when the sale was made, it was enacted that, (Rev. Sec. 767,) "The treasurer shall *continue* the sale from day to day as long as there are bidders, or until the taxes are all paid." And it also provides, (Sec. 773.) "When all the parcels of real property advertised for sale shall have been offered for sale * * * * and a portion thereof shall remain unsold for want of bidders, it shall be the duty of the treasurer to *adjourn* the sale, etc." In view of the language of the sections of the statute which seem to regard a postponement of the sale from day to day as a *continued* sale rather than an *adjourned* sale, we are not prepared to say that the course pursued by the treasurer in regarding all the sales as of the date of the commencement of the sale was illegal or even improper. *Laird v. Husted*, 12 Harris, Penn. State, 45. If this sale had been adjourned from the 4th of January to the 18th, there could be no question but that it would be proper. And our law does not require any record or memorandum to be made or kept of any continued or adjourned sales. But whether the right to redeem might exist up to three years from the day the sale of the particular tract was made we need not determine. We have held that the neglect of the treasurer to note the sale in his book at the proper day cannot affect the right of the purchasers. *Negus v. Yancy*, 23 Iowa, 471; *Hill v. De Wolf*, 28 Iowa, 577, 581; *Shaw v. Orr*, 30 Iowa, 354. And that the misrecital in a tax deed of the date of the sale of the land therein described does not render the deed invalid has also been decided by this court in *Hurlbert v. Dyer*, 36 Iowa, 475; *Clark v. Thompson*, 37 Iowa, 536, following the principle announced in *Allen v. Armstrong*, 16 Iowa, 508. The deed in this case was not made until January 31st, 1867, being three years and thirteen days from the date the sale of the land therein conveyed was actually made, assuming it to have been legally proved that the sale was made on the 18th day of January.

It appears, therefore, that the sale in this case was a public sale, held in pursuance of law, and that there was a sale in fact of the land in controversy without fraud, or fraudulent combination. At most there was but an irregularity in the

manner of the sale and an error in the recital of the day on which it was made. To now hold that such sale and deed were a nullity, notwithstanding the facts that the land was subject to taxation, that it was regularly listed and assessed and taxed, and that the taxes remained unpaid, that the land was sold, and that no redemption has been made nor offered within the time allowed by law by the persons seeking now to recover the land, would be to inaugurate a line of decisions utterly at variance with the uniform course of legislation and judicial construction upon the subject of revenue in this state.

AFFIRMED.