Dodge v. Emmons.

S. H. DODGE v. CARRIE L. EMMONS.

1. SEVERAL TRACTS OF LAND *May be Assessed and Sold as One Parcel.* Several tracts or subdivisions of real property adjoining and lying in compact form, which are used and occupied as a single tract, may for the purposes of taxation be listed and valued together, and may be sold at a tax sale for a single consideration, and as a single parcel.

2. TAX DEED, *Not Void.* A tax deed which recites a sale of land *en masse* which is included within two descriptions, will not for that reason be held void upon its face, where the descriptions show that the land sold lies together in compact form within a single taxing district.

3. LAND, *Designated in Tax Deed With Reasonable Certainty.* A tax deed showed that a ninety-acre tract of land, which was fully and correctly described by metes and bounds, was subject to taxation, and that the taxes thereon being unpaid, "the real property above described" was duly exposed to public sale, and that B. having offered to pay the amount of taxes, interest and costs due and remaining unpaid "on said property" for the tract "beginning at the S. E. corner of the S.W.¼ of sec. 24, T. 10, R. 24, and containing 90 acres" (which was only the starting-point of the description of the ninety-acre tract given in the beginning of the deed) and it then recited that the "said property" was stricken off to B. at that price; and then in the granting clause of the deed it was recited that the county clerk granted, bargained and sold unto the said B. "the real property last hereinbefore described." *Held,* That, reading all parts of the deed together, and construing it as we would an ordinary conveyance between individuals, the ninety-acre tract first mentioned in the deed is the same one referred to throughout the instrument, and that the land intended to be conveyed is designated with "ordinary and reasonable certainty."

4. TAX SALE, *Irregular, but Cured by Time.* At a regular tax sale the county treasurer publicly offered certain land for sale, and none of the persons present bidding thereon, he publicly struck it off and entered it as sold to B., who had before that time placed money in his hands with the instruction that where a tract was offered and no one else offered to purchase, it should be struck off to him. In so selling the property,

the treasurer acted in good faith, and without intending to injure or defraud the county or any person. *Held,* That while the sale was not made in the manner required by statute, it constituted a sale in fact, and that the illegal action of the treasurer in striking it off to B. instead of to the county, is one which may be cured by the lapse of time.

*Error from Wyandotte District Court.*

ACTION to recover certain real estate situated in Wyandotte county. *S. H. Dodge* holds under a chain of title from the United States down to himself. *Carrie L. Emmons* claims title by virtue of certain tax deeds executed in favor of J. L. Beverly, and by a conveyance from Beverly to herself. The lands were sold to Beverly in 1873 for the taxes of 1872. One hundred and five acres of the same were deeded to Beverly on January 29, 1877, and the deed was recorded on the same day. The remaining portion was conveyed to Beverly on January 25, 1877, and the deed was recorded January 26, 1877. Such portions of the tax deeds as are material to this controversy are as follows:

"Know all men by these presents, that whereas, the following described real property, viz.: Beg. at N.W. cor. of N.E.¼, sec. 25, T. 10, R. 24, thence S. 80 P., E. 100 P., N. 80 P., W. 100 P. to beg., and containing 50 acres. Also beg. at N.E. cor. of N.W.¼, S. 25, T. 10, R. 24, thence S. 80 P., W. 110 P., N. 80 P., E. 110 P. to beg., and containing 55 acres, situated in the county of Wyandotte and state of Kansas, was subject to taxation for the year 1872; and whereas, the taxes assessed upon said real property for the year aforesaid, remained due and unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of the said county did, on the 6th day of May, 1873, by virtue of the authority in him vested by law, at the sale begun and publicly held,  .  .  .  .  expose to public sale  .  .  .  the real property above described, for the payment of the taxes, interest and costs then due and remaining unpaid upon the said property; and whereas, at the place aforesaid J. L. Beverly, of the county of ———— and state of Kansas, having offered to pay the sum of $39.65, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for the whole of the above-described tracts, viz.: [Here follows description of property as above given,] which was the least quantity bid

for, and payment of the said sum having been made by him to the said treasurer, the said property was stricken off to him at that price. . . . Now, therefore, I, D. R. Emmons, county clerk of the county aforesaid," etc. [Here follows the granting part of the deed, conveying the property as above described to the purchaser.]

This deed bears date January 29, 1877.

"Know all men by these presents, that whereas, the following described real property, viz.: Beg. at S. E. cor. of S. W. ¼ of sec. 24, T. 10, R. 24, thence N. 90 P., E. 160 P., S. 90 P., W. 160 P. to beginning, and containing 90 acres, situated in the county of Wyandotte and state of Kansas, was subject to taxation for the year 1872; and whereas, the taxes assessed upon said property for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of the said county did, on the 6th day of May, 1873, by virtue of the authority in him vested by law, at the sale beginning and publicly held on the first Tuesday in May, 1873, . . . expose to public sale . . . the real property above described; . . . and whereas, at the the place aforesaid, J. L. Beverly, having offered to pay the sum of $44.55, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for the tract beg. at S. E. cor. of S.W.¼ of sec. 24, T. 10, R. 24, and containing 90 acres, which was the least quantity bid for, . . . the said property was stricken off to him at that price. . . . Now, therefore, I, D. R. Emmons, county clerk of the county aforesaid, for and in consideration of the sum of $191.55, . . . have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said J. L. Beverly, his heirs and assigns, the property herein last before described, to have and to hold unto him, the said J. L. Beverly, his heirs and assigns forever, subject, however, to all rights of redemption provided by law."

This deed was executed by the county clerk on the 25th day of January, 1877. The lands in controversy were conveyed by J. L. Beverly and wife to the defendant by a deed dated February 1, 1877, which was recorded on the 3d day of the same month. This action was begun on the 13th day of February, 1883, and after a second trial had been granted, was referred to the Hon. L. W. Keplinger, who reported in favor of the defendant, holding that the tax deeds were *prima*

*facie* valid, and that whatever defects, irregularities and illegalities there were in the tax-sale proceedings had been cured by the lapse of time. At the December Term, 1883, the report was confirmed by the court, and judgment rendered in favor of the defendant. The plaintiff brings the case here for review.

*S. A. Riggs,* and *Stevens & Stevens,* for plaintiff in error.

*J. S. Gibson,* and *Hale & Miller,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The determination of this controversy depends upon the sufficiency of two tax deeds under which the defendant claims. The plaintiff challenges the validity of the deed dated January 29, 1877, for the reason, as he alleges, that it shows upon its face that two distinct parcels of land were assessed separately, but sold together for a single consideration, and therefore is void upon its face, and will not start the statute of limitations to running. Looking at the deed alone, we are unable to concur with the plaintiff that the lands sold and therein conveyed constitute more than a single parcel, or that they were otherwise assessed. The language employed in describing the land which was sold is as follows:

"Know all men by these presents, that whereas, the following described real property, viz.: Beg. at N.W. cor. of N.E. ¼ of sec. 25, T. 10, R. 24, thence S. 80 P., E. 100 P., N. 80 P., W. 100 P., to beg., and cont'g 50 acres. Also beg. at N.E. cor. of N.W. ¼ S. 25, T. 10, R. 24, thence S. 80 P., W. 110 P., N. 80 P., E. 110 P., to beg., and cont'g 55 acres, situated in the county of Wyandotte, and state of Kansas."

By this description two tracts are bounded, one of which contains fifty-five acres and the other fifty acres, but they are both in the same half-section and lie together in a compact form, so that they may have constituted and been treated as a single tract. The mere fact there are two descriptions does not determine that there was more than a single piece or parcel of land within the meaning of the tax laws. That

is to be determined rather from the situation, use and occupation of the land; and so it has been held that

**1. Several tracts of land may be assessed and sold as one tract.** "where two or more tracts of land adjoin each other, and are used and occupied as one tract, they may all be taxed together and sold together as one tract." (*Hall's Heirs v. Dodge,* 18 Kas. 277; *McQuesten v. Swope,* 12 id. 32; *Cartwright v. McFadden,* 24 id. 662.)

A section of land, lying in the same taxing district, which is owned by a single individual, and which is used, occupied and treated as a single tract, although containing many legal subdivisions, may be listed and taxed as a single tract; and so may any compact portion of the same situated and treated in like manner. We cannot presume that a section of land, or a compact portion thereof, which has been described by the smallest legal subdivisions, constitutes separate parcels, but if presumptions are to be indulged in, it should rather be that the action of the treasurer in making the sale was regular and legal, because it is provided that a tax deed duly acknowledged, as was this one, "shall be *prima facie* evidence of the regularity of all proceedings, from the valuation of the land by the assessor, inclusive, up to the execution of the deed."

**2. Valid tax deed.** (Tax Laws, §138.) We think the tax deed was *prima facie* valid, and that when it was recorded the statute of limitations went into operation in its favor.

An objection is taken by the plaintiff to the tax deed dated January 25, 1877. He contends that it is void upon its face because the description of the land purported to be conveyed is not sufficiently definite. In the commencement of the deed there is a complete description of the land, where it is recited that "the following-described real property, viz.: Beg. at the S.E. cor. of the S.W.¼ of sec. 24, T.10, R. 24, thence N. 90 P., E. 160 P., S. 90 P., W. 160 P. to beg., and containing 90 acres, situated in the county of Wyandotte, and state of Kansas," was subject to taxation for a certain year, and that the taxes thereon for that year were unpaid. It is then recited that at a certain time and place the treasurer of the county exposed to public sale "the real property above

described," and that J. L. Beverly, having offered to pay the sum of $44.55, "being the whole amount of taxes, interest and costs" then due and remaining unpaid on said property, for the tract "beg. at the S.E. cor. of the S.W.¼ of sec. 24, T.10, R. 24, and containing 90 acres," the said property was stricken off to him at that price. Then comes the granting clause of the deed, where it is stated that the county clerk does "grant, bargain and sell unto the said J. L. Beverly, his heirs and assigns, the real property last hereinbefore described," etc. The plaintiff insists that the property "last hereinbefore described" must be held to have reference to an attempted description immediately preceding. As will be observed, the county clerk, instead of giving the metes and bounds of the tract sold, only describes a starting-point; and if the granting clause had reference only to this description, it would not sufficiently describe the property intended to be conveyed. But all parts of the deed are to be considered together, and if possible such a construction should be given it as will accomplish the intention of the parties and make it operative and valid. The form of a tax deed is given in the statute, and it provides for a full description of that portion of the tract which is sold for the payment of taxes — as the county clerk manifestly undertook to give in this case; but substantial conformity to the statute is all that is required. Neither is it imperative that the land sold should be described with technical accuracy and absolute certainty. By §153 of the tax law, it is provided that—

"In all advertisements, certificates, papers or proceedings, relating to the assessment and collection of taxes, and proceedings founded thereon, any description of lands which shall indicate the land intended with *ordinary and reasonable certainty*, and which would be sufficient between grantor and grantee in an ordinary conveyance, shall be sufficient."

Under this statutory rule, there can be little doubt of the sufficiency of the description. In the beginning of the deed there is a full and complete description of the tract, which is said to contain ninety acres; and in fact, it may be said to be

the only description given in the deed. In the subsequent portions of the instrument the same description is referred to, as that the "real property above described" was exposed to public sale, and that Beverly made an offer upon "said property," and that the tract sold contained ninety acres, which was the least quantity bid for, corresponding exactly in quantity with the description above given, and that the "said property" was stricken off to the bidder for the price named; and it then recited that the grant was of "the property last hereinbefore described." Reading all parts of the deed together,

3. Land designated in tax deed with reasonable certainty.

as we must, and construing it as we would an ordinary conveyance between individuals, we think that the ninety-acre tract first mentioned in the deed is the same one referred to throughout, and that the land intended to be conveyed is designated with "ordinary and reasonable certainty." (*Haynes v. Heller*, 12 Kas. 381.)

The remaining objection is, that the sale of the lands was void by reason of the manner in which it was conducted. The facts regarding the manner of the sale were found by the referee, and stated as follows:

"At the time of the sale upon which said tax deeds were issued, the person to whom certificates of sale were issued was not present, either by agent or by attorney, and no bid was made by anyone save and except as stated in the next finding. Sometime prior to the time of the sale, Mr. Welch, as agent for J. L. Beverly, placed money in the hands of the treasurer, with the instruction that in the event of no one else purchasing, the entire tract should be struck off to him. The lands in question were regularly offered, and there were no bids, and thereupon the said treasurer entered said tracts upon the books as having been sold to J. L. Beverly. The treasurer, in selling said tracts, as stated in the prior finding, acted in good faith, and without any thought of injury or of defrauding the county or anyone."

From these facts, it is insisted by the plaintiff that there was in fact no sale, and that he was not barred from maintaining his action to recover the land, although more than

six years have elapsed since the recording of the tax deeds.
We cannot agree with the plaintiff that no sale was had.   The
question before us is not, whether the sale was regularly con-
ducted.   If there was a sale in fact which is merely voidable
for irregularity, it cannot now be challenged.
The neglect of the plaintiff to bring his action
within the period prescribed by the statute of
limitations will preclude him from taking advantage of a
mere irregularity in the sale, or of a defect in the proceedings
upon which the deeds were based.   It is conceded that the
lands were subject to taxation, that the taxes were unpaid,
and that proper notice of the time and place of sale was given.
The action of the treasurer in striking off the property to a
person not present and bidding, was of course irregular and
illegal.   But the lands were actually put up at public auction,
and in good faith offered for sale.   Anyone and everyone
present at the sale had an opportunity to purchase.   When the
persons present failed to bid upon the land, the treasurer should
have stricken it off to the county; but notwithstanding this
failure, there was a public offering of the land; it was publicly
stricken off to J. L. Beverly, and although the statute was not
strictly pursued, we think there was in fact a sale.   In the state
of Iowa, where the county treasurer is prohibited from being
directly or indirectly concerned in the purchase of any real
property sold for the payment of taxes, it was held by the
supreme court, in a case where a sale was made according to
the custom or habit of a certain treasurer, viz., to receive bids
on paper, and if no further bids were made for the same land,
to enter it as sold to such bidder without *publicly crying* the
bid, and without *publicly striking* down the land as sold,
that while "such a sale would not be made in a manner re-
quired by the statute, yet it would be a sale in fact, neverthe-
less."   The court further stated that —

"The evidence of the treasurer shows that his custom was
to publicly offer the lands for sale for the taxes delinquent
thereon; that if bids were handed in, and there were no other
bids for the same land, he entered the same as sold without

*Margin note:* 4. Irregular tax sale, cured by time.

further offering the land for sale. Now while this may have been irregular, and not according to the manner in which the sales ought to have been made, it was nevertheless a sale in fact." (*Leavitt v. Watson*, 37 Iowa, 93.)

The same rule has already been plainly recognized by this court. (*Maxson v. Huston*, 22 Kas. 643.) The finding of the referee settles it that no fraud was intended by the treasurer. As the lands were legally and fairly offered at public sale, it is immaterial to the owner whether they were stricken off to the county or to Beverly. The price for which they were sold was the same in either case, and the illegality of which he complains could not operate to the prejudice of the plaintiff. The illegal action of the treasurer might have been taken advantage of by the plaintiff within five years from the time the deeds were recorded, but as the sale was in fact made, and as the deeds are valid upon their face, the lapse of time has cured this illegality, and the referee rightly held that the action was barred.

The judgment of the district court will be affirmed.

All the Justices concurring.