THE KEENE SYNDICATE v. A. M. DENNEY, *as County Clerk of Sedgwick County.*

No. 869.*   (58 Pac. 242.)

1. CONVEYANCES— *Transfer Record — Duty of County Clerk.* When a conveyance of real estate is presented to the county clerk, it is his duty to enter on the transfer records of his office the description of the real estate as described in said conveyance.

2. ———— *Lots and Blocks— Transfer Fees.* A block of land containing several lots owned by one person, which is used as one tract of land, may be described in a deed of conveyance as a block, and shall be transferred by the county clerk, on demand, upon the payment of the fee provided for a tract of land.

Original proceeding in mandamus.   Opinion filed September 16, 1899.   Judgment for plaintiff.

*J. A. Brubacher,* for plaintiff.
*Amidon & Conly,* for defendant.

The opinion of the court was delivered by

DENNISON, P. J. :  This is an original action of mandamus brought by plaintiff to compel the defendant,

*Petition for order to certify denied by supreme court November 11, 1899. — REP.

as county clerk of Sedgwick county, to transfer the real estate described in the deed presented to him upon the payment of $11.25, the fees tendered therefor. The deed described a portion of the real estate as town lots in certain additions, and a portion as blocks in certain additions, and a portion as blocks in certain additions with certain lots excepted therefrom. The plaintiff tendered the sum of five cents for each lot described in said deed, ten cents for each block or portion thereof, and, in addition thereto, the sum of five cents for each lot excepted from any such blocks. The defendant demanded the sum of five cents for each lot which would pass by the deed of conveyance, being about 2775 lots, or an aggregate sum of $138.75.

A peremptory writ was allowed commanding the defendant to enter upon the transfer record of his office the description of the real estate as described in said deed of conveyance, upon the payment to him of the sum of $11.25 and the deposit with the clerk of this court at Wichita, Kan., of the sum of $127.45.

The statute provides that the clerk shall keep a transfer record in which he shall enter all transfers of lands and lots in his county. It is his duty to enter the description of the real estate as described in the conveyance presented to him. He shall collect ten cents for each transfer of land and five cents for each town lot.

These provisions were enacted as chapter 145 of the Laws of 1877 (Gen. Stat. 1897, ch. 117, § 32; Gen. Stat. 1899, § 1185), and the title to the act is "An act in relation to the transfer of real estate in the name of the owner."

The evident purpose of the statute is to provide a record showing the owners of the real estate in each

county, for the convenience of the county clerk and township assessors. But two terms are used to designate the real estate—"lands" and "lots" or "town lots."

The plaintiff contends that where land has been subdivided into lots and blocks, a block can be conveyed and transferred as one description of land, instead of as a number of town lots; in other words, that block 1, which may contain forty lots, may be conveyed and transferred as block 1 for ten cents transfer fees, instead of as forty named lots for two dollars transfer fees. This contention received some support from the language of the statute, which says the clerk "shall enter on the transfer record the description of the real estate as described" in the deed of conveyance that is presented to him.

The plaintiff also contends that when portions of a block are named in the conveyance as all of a certain block except certain lots, naming them, the block as excepted is a description of land which must be transferred for the sum of ten cents. In this case the plaintiff tendered five cents for each lot excepted. This is certainly unnecessary. The statute provides for a fee for the lots transferred from one owner to another, not for those which are not transferred. Our supreme court has repeatedly held:

"A section of land, lying in the same taxing district, which is owned by a single individual, and which is used, occupied and treated as a single tract, although containing many legal subdivisions, may be listed and taxed as a single tract; and so may any compact portion of the same situated and treated in like manner." (*Dodge v. Emmons*, 34 Kan. 736, 9 Pac. 953.)

" When two or more tracts of land adjoin each other, and are used and occupied as one tract, they may all be taxed together and sold as one tract." (*Hall's Heirs*

*v. Dodge*, 18 Kan. 277 ; *McQueston v. Swope*, 12 id. 32 ; *Cartwright v. McFadden*, 24 id. 622.)

The statute providing for transfers in the name of the owner would seem to permit the owner to designate the tracts that he wanted assessed and taxed together, by providing that "upon presentation of a deed of conveyance of real estate, the county clerk shall enter on the transfer record the description of the real estate as described in said conveyance." The plaintiff is entitled to have. the transfer fees made for the amount of its tender, and it is the judgment of the court that the amount of $127.45, now in the hands of the clerk of this court, be returned to the plaintiff. The costs will be taxed against the defendant.