<span style="margin-left:1em">2. —— lien for taxes paid.</span>

There was error, therefore, in refusing the lien for the taxes paid by plaintiff and his assignor, and the judgment is reversed, with directions to enter a judgment therefor, with six per cent interest from date of the several payments, and enforce the same as a lien upon the lands.

Reversed.

---

## CORBIN v. HILL.

### I. Per Curiam.

1. Tax sale: WARRANT: DEED NOT CONCLUSIVE. The tax warrant is a material and fundamental step in a sale for taxes, the rightfulness of the sale must rest upon the *fact* of such warrant, and it is not competent for the legislature to create a presumption, by making a tax deed conclusive, which shall override the fact or estop the party from proving the truth.

2. —— WARRANT FOR 1860. The county judge was the proper officer to sign the tax warrant for 1860.

II. Per LOWE, Ch. J., and DILLON and WRIGHT, JJ.

3. —— RECORD: CLERK ACTING AS JUDGE. A tax warrant signed by the clerk acting as county judge was not invalidated by the failure of the record to show the absence, inability or interest of the judge, as required by section 247 of the Revision.

III. Per COLE, J., dissenting.

4. —— Such failure does invalidate the warrant.

*Appeal from Scott District Court.*

THURSDAY, JUNE 28.

ACTION for the recovery of real property. Trial to the court, and judgment for the plaintiff. The defendant appeals. The further facts will be found stated in the opinion.

*Grant & Smith* for the appellant.

*Lane & Day* for the appellee.

COLE J. — The plaintiff, to establish his case, introduced
1. TAX a tax deed made by the treasurer of Scott county
SALE: war-
rant: deed on the 18th day of February, 1865, in the stat-
not conclu-
sive. utory form. The sale for taxes was made on the 27th day of January, 1862, for the taxes of 1860. This was all of plaintiff's evidence.

The defendant then introduced evidence showing the title in him at the date of the tax sale. It was then agreed by the parties that the assessment and levy of the tax was regular, and that the tax was unpaid at the time of the sale; that the tax warrant, which was in the usual form, and dated November 1, 1861, was not signed by the county judge, but was signed: "Ira M. Gifford, Acting County Judge, Scott Co., Iowa;" that R. Linderman was the county judge at the time, but was absent from the State, and Ira M. Gifford was clerk of the District and County Court of said county ; that there was no

direction from the county judge to the clerk to sign or certify said tax warrant, and that the board of supervisors was not then organized.

The question is as to the sufficiency of the tax warrant. The plaintiff's counsel insist that under the statute (Revision, § 784), the tax deed is *conclusive* evidence that all the prerequisites of the law in this particular were complied with. But if this was the only ground of reliance, we should have little or no difficulty in reversing the case. The tax warrant is a material and fundamental step in the sale for taxes, and the rightfulness of any sale must rest upon the *fact* of such warrant, and it is not competent for the legislature to create a presumption which shall override the fact or estop the party proving the truth.

The question as to what officer shall sign the tax warrant for 1860, is not free from doubt. The revenue act 2. ——war-rant of 1860. of 1858 (see Laws of 1858, ch. 152, p. 305) was repealed by the act approved April 3, 1860, which took effect July 4, 1860. Revision, §§ 710 to 809. But this repeal was limited as follows: "§ 808. Except for the purposes of the assessment, equalization and levy of the taxes for the year 1860, chapter 152 of the acts of the Seventh General Assembly. is hereby repealed, and all other acts or parts of acts conflicting with this act, are hereby repealed, so far as they conflict with this act. § 809. Where any of the duties, that by the provisions of this act are required to be performed by the clerk of the board of supervisors, should be performed prior to the organization of said board, they shall be performed by the clerk of the District Court, and all duties imposed by this act on the board of supervisors which are required to be performed before the organization of said board, shall, until such organization, be performed by the officers who are now required by law to perform them."

By section 748 it is made the duty of the clerk of the

county board of supervisors, *under the direction of the board of supervisors*, to issue and attach the tax warrant under his hand and the official seal of said board. By the act creating the county board of supervisors, they were not to be elected till the general election of 1860, and it was also provided that the county judge should continue to exercise the powers conferred on the board of supervisors, until the first meeting in January, 1861. Revison, §§ 323, 324.

It is claimed by the appellant's counsel that the tax warrant should have been signed by the clerk of the District Court, since such signing *after* the organization of the board of supervisors, would, under the law, be by the clerk of that board. There are two answers to this position, either of which is sufficient: *First.* The clerk of the board of supervisors would, under the law, have no right or power to sign such tax warrant, except *under the directions of the board;* and it would be necessary to its validity that it should have the *official seal of said board.* But we have just seen that the board could not meet to give any such direction, nor even to provide their seal, until in January, 1861; nor would they be elected till in November, 1860, and after the time the tax warrant should regularly issue. *Second.* The county judges were, by the law creating the board of supervisors, to continue to perform their duties as such judges, until the first meeting of the board in January, 1861. Rev. § 324. One of those duties was to sign and attach the warrant to the tax list. Acts of 1858, ch. 152, § 40, p. 319. We conclude, therefore, that the county judge was the proper officer to sign the tax warrant.

There is one further question in connection with the signing of the tax warrant by the *acting* county judge.

3. —— record: clerk acting as judge.

By section 247 of the Revision, it is enacted that in case of the absence, inability or interest of the county judge, the county clerk shall fill the place of the judge; and that when, for any of the causes named,

the judge does not act, "the record of the proceeding must show the fact and the cause." In this case, it is agreed that the records of the county judge do not show anything on this subject, and no reference is made to it in the tax warrant itself.

A majority of the court hold that the absence of such showing does not invalidate the tax warrant. This conclusion is based namely on two grounds: *First.* The "minute book" and records of probate business constitute the records of the County Court (Rev., § 264; see also § 242), and it is nowhere required by the law that any record shall be kept of making or attaching the tax warrant to the tax list, and that the provisions of section 247, requiring the record of the proceedings to show the fact and the cause, is construed to apply only to those matters which the law requires to be made of record; and, *Second.* It is provided by both the act of 1858, section 40, and the Revision, section 748, that no informality in the requirements as to the tax warrants shall render any proceedings for the collection of taxes illegal; and the failure in the record to show the fact, and the cause for the signing by the acting county judge, is construed to be a mere informality, and one that is cured by the statute.

In the opinion of the writer of this, the failure of the record to "show the fact and the cause" of the signing by the acting county judge, renders the tax warrant invalid. This opinion is based, *First.* Upon the law as enacted by the fifth subdivision of section 242 of the Revision, which requires the county judge "to keep a book to be known as a 'minute book' in which shall be recorded *all orders* and decisions made by him, except those relating to probate affairs." The tax warrant is an order and authority for the treasurer to collect the taxes, and being such, it was proper that it should be entered in the "minute book," and it was the duty of the judge to so

enter it of record. *Second.* That the statute curing "informalities" does not cover this defect, since it is not an informality merely, but relates to the *power* of the officer to sign the warrant and not to its *form.* And again, the clause curing informalities, would naturally, if not necessarily, relate to the provisions of the act in which it is itself embodied. Whereas the law requiring "the fact and the cause" to be made of record, is a general law and is found in the Code of 1851, and reënacted in the Revision of 1860, very distinct and different enactments from the revenue law. And *Third.* The taxing power is of the highest sovereign authority, and affects an entire community, and it is due alike to fair construction and the rights of the citizen that the manner of its exercise shall have, at least, the same or equal guards against wrong and oppression, which is afforded and imperatively required by the statute in cases or proceedings of trivial or ordinary importance to one individual only. The tax warrant. has the force of an execution and is the authority for the collection of many thousands of dollars and for the sale of the property and homesteads of individuals, and it is but the merest justice that the records shall show the legal authority for the person or officer. issuing such process to so issue it. These strict rules of construction are of course limited to tax title cases in which it is a well settled rule that no *fact* can be made out by intendment or presumption, but must be proved. Backwell on Tax Title, 91, 93.

It is not necessary to discuss the question further. The statement of general proposition is sufficient. According to the opinion of the majority, the judgment of the District Court is

Affirmed.

COLE, J., dissenting.