HURLEY v. POWELL, LEVY & CO.

1. **Tax sale: WARRANT: CONCLUSIVENESS OF DEED.** A warrant is not an indispensable pre-requisite to the validity of a tax sale, and, therefore, the law making the deed conclusive evidence that the requirements of the statute in that respect were complied with, is constitutional. Following *Parker* v. *Sexton*, 29 Iowa, 421.

2. ——— **PROOF OF PUBLICATION.** For like reasons the deed is conclusive evidence that the requirements of the statute (Rev. § 771) respecting the certificate and affidavit of due publication were complied with.

3. ——— **ERROR IN TAXES.** That the taxes were paid for one of the years for which the land was sold will not invalidate the sale. Following *Eldridge* v. *Kuehl*, 27 Iowa, 160.

*Appeal from Taylor District Court.*

SATURDAY, JANUARY 28.

ACTION of right for the possession of the N. E. ¼ S. W. ¼ section thirty-one, township sixty-eight, range thirty-four. Answer, denial of plaintiff's title, and a claim of title in defendants under a treasurer's deed. Trial by the court on an agreed statement of facts; judgment for plaintiff. Defendants appeal.

*Moore & Moreledge* for the appellant.

No appearance for the appellee.

DAY, J.—I. The fact mainly relied on, as a defect in the defendant's title, is, that the tax warrant required by law to be attached to the tax duplicate, for some of the years for the delinquencies of which the sale was made, was not attached, and for others bore the seal of the district court; and that for none of the years is there any record of an order of

the board of supervisors directing the attachment of such warrant. This cause was decided in the court below, by the writer hereof, without an examination of the question as an original one, following what was understood to be the holding of this court in *Corbin* v. *Hill*, 21 Iowa, 70. Since that time this question has been carefully considered in this court, and it has been held. that. a tax warrant is not essential to a valid sale for delinquent taxes. *Parker et al.* v. *Sexton & Son*, 29 Iowa, 421 ; West. Jur. vol. 4, p. 334.

An examination of the question now upon its merits leads me to concur in the general conclusion reached in that case. I desire briefly to assign the reasons which lead my mind to this conclusion. The tax warrant is not so essential to the valid exercise of the taxing power, that, without it, no charge upon lands for taxes can be created. It does not, in point of importance, rank with the *assessment* which determines the *value* of the property to be taxed ; nor with the *levy* which *imposes* the tax ; nor with the *sale.* There is nothing inherent in the subject of taxation which renders the warrant essential. It is necessary only *because* the law says it shall be used. It cannot be questioned that the legislature might have required the tax list to be placed in the hands of the treasurer, and that he should proceed to collect thereon *without* a warrant. Then, if the legislature had power to authorize the treasurer to proceed to collect taxes, and sell for delinquencies without a warrant, it had power also to provide that the failure to attach the warrant should not invalidate the proceedings. This has been done, in effect, by section 784 of the Revision, which provides that the deed shall be conclusive evidence that all the prerequisites of the law were complied with from the listing and valuation of the property up to the execution of the deed, and that all things whatsoever required by law to make a good and valid sale, and to vest the title in the purchaser were done,

except in regard to three points named, wherein the deed shall be *prima facie* evidence only.

There is no difference in effect between declaring that the absence of the warrant shall not vitiate the sale, and declaring that the deed shall be conclusive evidence of the fact of its existence. And as section 784 is unconstitutional only so far as it estops the party from showing a non-compliance with requirements essentially necessary to the valid imposition of a tax (*McCready* v. *Sexton & Son,* 29 Iowa, 356 ; West. Jur. vol. 4, p. 332), it is not, in my opinion, unconstitutional in its application to the present matter. My view is not that the law does not *require* a warrant to the tax list in order to justify a sale, but that the requirement is not inherently necessary and the deed is conclusive evidence of a compliance with it. *Allen* v. *Armstrong,* 16 Iowa, 508.

II. A further objection to the validity of defendant's title is, that the certificate and affidavit of due publication of notice, required by section 771 of the Revision, has not, for any of the years, been procured and filed in the office of the clerk of the board of supervisors. The views above maintained, with respect to the warrant, apply equally to this alleged defect. In *Allen* v. *Armstrong,* 16 Iowa, 508, it was held that the deed is conclusive evidence of due notice of sale, because the notice is not essential to an exercise of the taxing power. For a much stronger reason is it conclusive evidence of a compliance with the requirements of section 771.

2. —— proof of publication.

III. The only further alleged defect in defendant's title, apparent upon the record, is, that the taxes were paid for one of the years for which the sale was made. That this does not affect the validity of the tax sale, see Rev., § 762; *Eldridge* v. *Kuehl,* 27 Iowa, 160.

3. —— error in taxes.

It follows, from the views above expressed, that the judgment of the district court must be

Reversed.