WADDINGHAM v. DICKSON ET AL.

1. CONSTRUCTION OF VERDICTS.—Where two persons are sued as defendants, and, although answering separately, make the same defense, a verdict for "the defendant' is not void for uncertainty, but must be presumed to include both defendants.
2. CONTESTING TAX DEEDS.—Under the statutes of this state the burden of overthrowing a tax deed, regular in form, is upon the party claiming adversely thereto.
3. ASSESSMENT ROLL—MAY BE RETURNED AFTER STATUTORY TIME.— Failure to return an assessment roll to the county clerk within the proper time is at most only an irregularity and does not invalidate the subsequent proceedings.
4. TAX DEED—CONSTRUCTION OF.—The fact that a tax-deed conveying several tracts of land contains only a general statement that the lands were sold in substantial conformity to the requirements of the statutes does not warrant the inference that the lands were not valued and assessed separately, as provided by statute.
5. TAX DEED RECITALS AS TO SALE.—Where a tax deed conveys title to several tracts of land, and the deed shows that they were advertised separately, and that the purchasers bid for them separately, this is sufficient to show that they were sold separately.
6. SEVERAL TRACTS MAY BE INCLUDED IN THE SAME DEED.—Where the same person buys several tracts of land at a tax sale, there is no reason why the several tracts may not be included in one deed.
7. ACKNOWLEDGMENTS MAY BE TAKEN IN NAME OF DEPUTY.—Mills' Ann. Stat. § 439, authorizing a deputy county clerk to take and certify acknowledgments to deeds under the seal of the county, does not require the acknowledgment of tax deeds to be taken in the name of the clerk, but the same may be taken in the name of the deputy.

*Appeal from District Court of Arapahoe County.*

ACTION for the recovery of real property. Appellant, Wilson Waddingham, plaintiff below, claims title to the premises through a government patent. Appellees claim title through certain tax sales. Upon the trial appellees introduced in evidence three tax deeds executed in pursuance of sales made for taxes for the years 1875, 1876 and 1877, the sales having been made in the years 1876, 1877 and 1878 respectively. These tax deeds were all executed upon the 11th day of May, 1882. Notwithstanding these three deeds were introduced in evidence appellees in this court rely solely upon the latter deed to maintain their claim of title. This deed reads as follows:—" *Know all Men by these presents*, That whereas the following described several parcels of real property, viz. : The Northeast quarter of the Southeast quarter, the Northwest quarter of the Southeast quarter, the Southwest quarter of the Southeast quarter, and the Southeast quarter of the Southeast quarter, and the Southeast quarter of the Southeast quarter of section twenty-two (22) in township two (2) South, range sixty-eight (68) West, and the Southeast quarter of the Southwest quarter, the Northwest quarter of the Southeast quarter, and the Southeast quarter of section twenty-six (26), in township one (1) South, range sixty-seven (67) West, situated in the county of Arapahoe, and state of Colorado, was subject to taxation for the year 1877, and whereas the taxes assessed upon said real property, for the year aforesaid, remained due and unpaid at the date of the sale hereinafter named ; and whereas, the treasurer of said county did, on the twenty-fourth day of May, A. D. 1878, by virtue of the authority vested in him by law at (an adjourned sale) the sale begun and publicly held on the twenty-third day of May, A. D. 1878, separately expose to public sale at the office of the county treasurer of Arapahoe county, Colorado, in the county aforesaid, in substantial conformity with the requirements of the statute in such case made and provided, the said several pieces of real property above described, for the payment of taxes, interests and costs then due, and re

maining unpaid respectively on each of the said parcels of property as offered for sale as aforesaid on said property, and whereas at the time and place aforesaid, G. W. Hulse, of the county of Arapahoe and state of Colorado, having separately offered to pay the sum due on each of the said parcels, in all amounting to the sum of twenty-four dollars, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for the whole of each of the said parcels of property, which was the least quantity bid for, and payment of said sum having been made by him to the said treasurer, the said parcels of property were separately stricken off to him at that price; and whereas, the said G. W. Hulse did, on the twenty-eighth day of January, A. D. 1888, duly assign the certificate of the sale of property as aforesaid, and all his right, title and interest to the said property to Sharon C. Newell; and whereas, more than three years have elapsed since the date of said sale, and the said property has not been redeemed therefrom as provided by law:

"*Now, therefore,* I, John L. Dailey, treasurer of the county aforesaid, for and in consideration of the said sum to the treasurer paid, as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Sharon C. Newell, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said Sharon C. Newell, his heirs and assigns forever; subject, however, to all rights of redemption by minors, insane persons, or idiots, provided by law.

"*In witness whereof* I, John L. Dailey, treasurer as aforesaid have hereunto set my hand and seal, this 11th day of March, A. D. 1882.

" JOHN L. DAILEY, (SEAL)<br>" Treasurer."

The acknowledgment of this deed was taken on the 17th day of March, 1882, before Charles H. Scott, deputy county clerk, under the official seal of the county clerk. At the

trial the district court directed a verdict for appellees. The verdict is in the following form: "We, the jury, upon the matters at issue, herein, find in favor of the defendant."

A motion for a new trial and also a motion in arrest of judgment having each been overruled, the court entered judgment for the defendants.

Messrs. WOLCOTT & VAILE, for appellant.

Mr. W. B. FELKER, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

By the first error discussed by counsel the sufficiency of the verdict is questioned. The suit being against two defendants, it is claimed that verdict for the "defendant" is insufficient and void for uncertainty. In order to properly understand the weight to be given to this objection a brief statement of the defenses interposed is necessary. Although the defendants answered separately, but one issue was tendered by such answers, viz.: The validity of the title of the defendants acquired through certain tax sales. The appellee, Thomas Dickson, claims title only through the appellee, Josephine Kneeland, who in turn claimed through the purchaser at the tax sales. Dickson, at the time of the suit, being in possession as the grantee of Kneeland. The same issues having been presented by both pleas we think the verdict for the defendant was a finding upon all the facts in controversy and is sufficient to support the judgment.

In the case of *Cowell v. Colorado Springs Co.*, 3 Colo. 82, it was held that although there were two defendants, there being but one defense the jury may have used the word "defendant" in their verdict as a collective noun, intending thereby to include all the parties defendant, and that by legal intendment the verdict was sufficient upon the issue and the evidence.

Upon the trial the only evidence introduced by the ap-

pellees were the deeds under which they claimed. The court below being of the opinion that it was not necessary to otherwise show that the requirements of the statute in reference to the assessment and sale of this property had been complied with, placed the burden of overcoming the tax deeds upon the plaintiff. This ruling is in accordance with our statute, which provides that a tax deed shall be *prima facie* evidence of the following facts : " First, that the real property conveyed was subject to taxation for the year or years stated in the deed. Second: That the taxes were not paid at any time before the sale. Third: That the real property conveyed had not been redeemed from the sale at the date of the deed. Fourth: That the property had been listed and assessed at the time and in the manner required by law. Fifth: That the taxes were levied according to law. Sixth: That the property was advertised for sale in the manner and for the length of time required by law. Seventh: That the property was sold for taxes as stated in the deed. Eighth: That the grantee named in the deed was the purchaser or the heir at law or the assignee of such purchaser. Ninth: That the sale was conducted in the manner required by law." Mills Ann. Stat. § 3902.

Where the tax deed relied upon is in substantial conformity to the statute it is made *prima facie* evidence of the nine things above specified. This when considered in connection with § 3790 without doubt places the burden of overthrowing tax deeds, regular in form, upon the party claiming title adversely thereto, as by the latter section it is provided *inter alia* that " no irregularity or error or omissions in the assessment corrected, and no irregularity or error or omissions in the assessment of any property, or in the levying of any tax, shall affect in any manner the legality of any taxes levied thereon, nor affect any right or title to such real property which would have accrued to any party claiming or holding the same under or by virtue of a deed executed by the treasurer, as provided for by law, had the assessment of such property been in all respects regular." *Lebanon Mining Co.*

*v. Rogers,* 8 Colo. 36. Aside from this the only defect pleaded against either the assessment, levy or sale for the taxes of 1877, is: " That the assessment roll of taxes for the year of 1877, was not returned to the county clerk by the assessor, on or before the 25th day of June, 1877.

Appellant by his pleading waived his right to rely upon other errors or irregularities, if any such occurred. The omission pleaded is at most only an irregularity. And it is clearly covered by the statute, § 3790, *ante.* It is unneces-sary to determine what effect in the absence of statute the failure to return the assessment roll, within the time designated, would have. It is sufficient for the purposes of the case to say that under the statute the delay did not invalidate the subsequent proceedings.

It is claimed that the deed relied upon in this case is void upon its face. First: Because it appears therefrom that 160 acres of land, in Sec. 22, Tp. 2, South of range 68, W, was assessed together with 120 acres of land in Sec. 26, Tp. 1, South of range 67, W. Second: Because it is claimed the deed shows said tracts of land were sold together. Third: Because the instrument itself purports to convey title to several parcels of land. Fourth: Because the deed was not sealed or acknowledged as provided by law.

In support of the first of these objections our attention is called to the provisions of § 3822, Mills. Ann. Stats., by which each tract of land and each town or city lot is required to be valued and assessed separately, except where one or more adjoining tracts or lots are returned by the same person. The recitals of this deed are in effect that the land was subject to taxation for the year 1877, and that the taxes not having been paid the said lands were sold by the treasurer, etc., " in substantial conformity with the requirements of the statute in such cases made and provided." We find nothing here to indicate that such lands were not valued or assessed separately as provided by the statute. The treasurer was not required in his deed to make any other than a general statement in reference to such assessment or valuation.

This deed simply follows the statutory form and does not warrant the inference that the different parcels of land were assessed and valued as one tract.

Neither does it appear from the deed that the lands were sold as one tract. By its recitals it appears that the treasurer advertised for sale separately the said pieces of real property described in the deed for the taxes then due and remaining unpaid respectively on each of said parcels. It further appears from the deed that the purchasers "separately offered to pay the sum due on each of said parcels annually, amounting to the sum of $24, being the whole amount of taxes, interests and costs then due and remaining unpaid on such property for the whole of each of said parcels of property, which was the least quantity bid for." And reciting further that said parcels were severally stricken off to the bidder. We think it sufficiently shown by the recitals of this deed that the several pieces of property were separately sold as required by law.

It is a sufficient answer to the third objection, made to this deed, to say there is nothing in our statute which requires separate deeds for each piece of property sold, where the purchaser of the several tracts is the same person. In the absence of a statute to the contrary the common law rule must prevail. This certainly sanctions the conveyance in the same deed of any number of separate parcels of land.

The last objection to this deed is based upon the claim that it is not under seal or acknowledged as required by law. The statute provides that "the deed shall be signed by the treasurer in his official capacity; his signature to be attested by his official or private seal and to be acknowledged before some officer authorized to take acknowledgment of deeds. When substantially thus executed and recorded the real estate shall vest in the purchaser the title designated by the statute."

In the case at bar the treasurer did not use his official seal, but used instead thereof a scroll, and it is claimed that this scroll is not a compliance with the statute authorizing

him to use a private seal. This argument is based upon the assumption that this deed was executed at a time when there was no statute in force in this state authorizing the use of a scroll in place of a seal. In this claim counsel are in error. The deed in question was executed in the year 1882. At the date of its execution, the statute authorized the substitution of a scroll in lieu of a seal in all cases. Session Laws, 1879, 170.

The certificate of acknowledgment in this case is by Charles N. Scott, deputy county clerk, and for this reason it is claimed that the deed is ineffectual to pass title. It is not claimed that the deputy was not authorized to take the acknowledgment, but it is said that he must do so in the name of his principal, the county clerk. An answer to this objection is also found in the statutes. By § 830 it is expressly made the duty of the county clerk to appoint a deputy, who, " in case of the absence or disability of such clerk or in case of a vacancy in his office, shall perform all the duties of such clerk during such absence or until such vacancy shall be filled." If this were the only section relating to the subject there might be some force in the contention of counsel. But by section 439 the deputy clerk is expressly authorized to take acknowledgments, " such deputy clerk certifying the same under the seal of such county."

We find in this latter statute sufficient authority for the deputy making the certificate in the form adopted in this case. It follows that both the execution and acknowledgments of this deed are sufficient under our statutes.

The foregoing are all the objections urged against the deed made in pursuance of the sale for taxes for the year 1877. None of these can be sustained. They are purely technical and cannot be allowed to prevail for the purpose of overthrowing a proceeding that in all substantial particulars appears to have been fair and regular. The plaintiff in this case obtained title to this property in 1874. It was sold for the taxes of 1875 and 1876, and again for those of 1877. It does not appear that he ever paid a dollar for taxes upon the

property during all the years that he claimed to be the owner thereof. The purchaser at these tax sales bought the property many years ago when it was comparatively worthless. Relying upon the validity of the title thus acquired he and his grantees took possession and improved the same. Under these circumstances appellant's claim is without merit.

There was a time when it was quite generally believed that all tax titles could be overthrown. But modern legislation and the trend of recent judicial reasoning upon the subject have served to place tax titles upon a more substantial basis.

The payment of taxes is a duty which property holders owe to the government. If they neglect this duty they have no right to expect relief from the courts on account of merely technical errors on the part of the public officers, where no substantial right has been lost or impaired as in this case. *Stockle v. Silsbee*, 41 Mich. 615. The judgment of the district court will be affirmed.

*Affirmed.*

Mr. Justice Elliott having presided at the trial below did not participate in this decision.