PATRICK MOGAN *et al.* *vs.* JOSEPHINE A. CARTER *et al.*

Argued July 7, 1893. Affirmed July 13, 1893.

:Short Publication of Notice of Foreclosure Sale Cured by Laws 1883, ch. 112.

> *Russell* v. *H. C. Akeley Lumber Co.*, 45 Minn. 376, followed, to the effect that Laws 1883, ch. 112, applies to a foreclosure of a mortgage under the power of sale, in which the notice of sale is not published the requisite length of time before the sale.

Appeal by Michael A. Harmon, one of the defendants, from a judgment of the District Court of Hennepin County, *Chas. M. Pond*, J., entered February 18, 1893, granting to plaintiffs the relief they asked.

Frederick G. Mayo mortgaged to Erastus W. Cutter, June 1, 1874, a large number of vacant town lots in Cutter's Addition to Minneapolis to secure payment of $3,000, part of the purchase price. He had that day bought the lots of Cutter. The mortgage contained the usual power of sale in case of default in payment, and was recorded in Hennepin County Registry. On October 5, 1874, Cutter borrowed $5,000 of Richard E. Hungerford of the State of Connecticut. He gave his note for that sum, and to secure its payment assigned to him this mortgage and other securities. The instrument of assignment stated that it was made as security for the payment of his note for $5,000. It was also duly recorded. Cutter soon after died testate and Stanford R. Newell was appointed executor of his will. He paid the debt to Hungerford November 1, 1881, and Hungerford, on that day, reassigned the mortgage to Newell as executor of Cutter's will. The execution of this reassignment was not acknowledged by Hungerford however until December 7, 1881, and the instrument was not recorded until December 12, 1881.

On November 25, 1881, Newell, as such executor, commenced publication of notice of foreclosure sale under the power in the mortgage. It contained no reference to the assignment to, and reassignment from, Hungerford. It was in all other respects sufficient. The sale was made January 7, 1882, by the sheriff to Peter Wolford for :$5,000, and he received a certificate of sale. No redemption was

made from this sale. The plaintiffs in this action, thirty-five in number, have since severally bought of Wolford one or more of the lots and they unite in this action to quiet the title. (1878 G. S. ch. 75, § 4.) The defendants are Josephine A. Carter, Michael A. Harmon and John H. Burke. They are grantees from Mayo and claim that the foreclosure by Newell is invalid because the reassignment was not acknowledged or recorded, until seventeen days after the first publication of the notice of foreclosure sale. The trial court overruled this claim, citing Laws 1883, ch. 112. The defendant Harmon alone appeals.

*Wm. A. Lancaster,* for appellant.

The court below applied to the reassignment the old presumption which originated before acknowledgments were in use, that in the absence of any evidence to the contrary an instrument was delivered on the day it was dated. That old presumption is contrary to the actual facts in most cases. It is a decidedly strained inference, if it be regarded as matter of fact, and if as a presumption of law, it is simply unwarranted by experience. *Blanchard* v. *Tyler,* 12 Mich. 339; *Johnson* v. *Moore,* 28 Mich. 3; *Clark* v. *Akers,* 16 Kan. 166; *Loomis* v. *Pingree,* 43 Me. 299; *Fontaine* v. *Boatmen's Savings Inst.,* 57 Mo. 553.

On November 22, 1881, when the notice of foreclosure was given by Newell, the record title and the consequent right to foreclose by advertisement, was in Hungerford. The notice purports to be given, and undoubtedly is the notice of, Newell as executor of Cutter, mortgagee. It does not mention the assignment to Hungerford. Newell, as executor, did not have the power to foreclose by advertisement. The title was in another. The foreclosure was therefore void. *Backus* v. *Burke,* 48 Minn. 260; *Burke* v. *Backus,* 51 Minn. 174.

Newell could only foreclose that mortgage by advertisement as assignee, and not otherwise. The $3,000 mortgage assigned to Hungerford was collateral to Cutter's $5,000 note. There is absolutely no evidence as to how Newell secured the reassignment of this $3,000 mortgage. The presumption must therefore be that Newell obtained that assignment by a special new contract, and held it, in his individual capacity as assignee and not in virtue of

his capacity as executor, though as between him and the Cutter estate he might be compelled to account for it.

Laws 1883, ch. 112, is eliminated from this case by *Burke* v. *Backus*, 51 Minn. 174, and is not here discussed.

*Boardman & Boutelle* and *R. B. Forrest*, for respondent.

This case is not governed by *Backus* v. *Burke*, 51 Minn. 174. In that case the record was wholly insufficient and was never perfected. Here the record was not complete at the time proceedings were instituted, but pending such proceedings, and for four weeks prior to the sale, were perfect and disclosed power to make the sale. A notice to sell becomes operative if the power to make the sale ripens while the notice runs, though such power did not exist at the time of the first notice. *Pratt* v. *Tinkcom*, 21 Minn. 142. Under Laws 1883, ch. 112, a notice published less than six weeks will be upheld after five years. *Russell* v. *H. C. Akeley Lumber Co.*, 45 Minn. 376.

If this case rests upon a defective notice, and not upon a defective record at the time of the sale, it seems easy of solution.

When a formal retransfer is executed, the pledgor does not take title as a transferee or assignee of the pledgee, but the effect of the re-assignment is merely equivalent to an acknowledgment of satisfaction of the debt. The pledgor on payment of the debt does not take title through the pledgee, but holds under his original title. *O'Dougherty* v. *Remington Paper Co.*, 81 N. Y. 496.

GILFILLAN, C. J. Assuming that the foreclosure of the mortgage by Newell was invalid, it was so by reason of the defect in the notice or publication thereof,—that it was not published for a sufficient period after he had a right to foreclose under the power by the record of the assignment of the mortgage to him. The case, therefore, is similar to *Russell* v. *H. C. Akeley Lumber Co.*, 45 Minn. 376, (48 N. W. Rep. 3,) and comes within the provisions of Laws 1883, ch. 112, which, as said in that case, was designed for just such and similar cases. Either Mayo, the mortgagor, or the judgment creditors in the judgment against him, under which the defendants claim, could have brought suit to set aside the invalid sale at any time after that act passed, and before five years from

the date of the sale expired, and by failure to do so they lost their right to have the sale declared invalid. Upon the lapse of that time it became unassailable.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 1117.)