CRISMAN v. JOHNSON.

HEINRICH v. JOHNSON.

1. STATUTORY CONSTRUCTION.

Statutory provisions relating to the sale of property for delinquent taxes enacted for the protection of the rights of the property owner are to be construed as mandatory, and should be followed strictly.

2. TAX DEEDS.

A tax deed which shows upon its face that the sale was held at a place other than that designated by statute is void.

3. SAME—LIMITATIONS.

The statute of limitations relating to actions for the recovery of reaɩ estate sold for taxes (Mills' Ann. Stats., sec. 3904), is not available to a party holding under a tax deed which shows upon its face that the sale was held at a place other than that designated by statute.

4. SAME—JUDGMENT—REIMBURSEMENT.

A judgment for the recovery of land sold for taxes must make provision for the reimbursement of the claimant under the tax title for the taxes paid upon the property.

5. SAME—SALES EN MASSE—EVIDENCE—PRESUMPTION.

While the fact that town lots described by number in a tax deed are not numbered consecutively is some evidence that the lots are not contiguous, it is insufficient to overcome the statutory presumption in favor of the regularity of the proceedings.

6. SAME.

Adjoining town lots listed by the same person may be sold for delinquent taxes en masse.

7. SAME—LIMITATIONS.

The design of the statute of limitations concerning actions for the recovery of lands sold for taxes was, generally, to bar all questions with reference to the tax proceedings, except such as go to the power and jurisdiction of the taxing officers, or the fraud and misconduct of the parties, unless an action be brought within the time limited.

*Appeals from the District Court of Arapahoe County.*

THESE cases were submitted upon the same briefs, and argued together orally to the court. The plaintiffs in each case claim title from the government patentee through various mesne conveyances. The defendant in each case claims

title by virtue of certain tax sales, and tax deeds executed in pursuance of such sales. These tax deeds are substantially in the form prescribed by statute. The one to Crisman embraces twenty-seven lots, and the one to Heinrich one hundred and seventy-nine lots, all described as a part of Cottage Hill Land Company's addition to Cottage hill, in Arapahoe county, state of Colorado.

The following statutes are referred to in the opinion, the reference in each case being to Mills' Annotated Statutes:

"3790. It shall be the duty of every person owning or having charge of property in this state subject to taxation to make and deliver to the assessor, on or before the twentieth day of May in each year, a correct list of the same, as required by law, whether he shall receive from the assessor a notice to do so or not, and every assessment made against property subject to taxation shall be valid in all respects, whether such notice was received or not. And no failure of the owner to have such property assessed, or to have the errors in the assessment corrected, and no irregularity or error or omissions in the assessment of any property, or in the levying of any tax, shall affect in any manner the legality of any taxes levied thereon, nor affect any right or title to such real property which would have accrued to any party claiming or holding the same under or by virtue of a deed executed by the treasurer, as provided for by law, had the assessment of such property been in all respects regular."

"3902. The deed shall be signed by the treasurer in his official capacity, and attested by his official or private seal, and acknowledged by him before some officer authorized to take acknowledgments of deeds, and when substantially thus executed and recorded in the proper record of titles to real estate, shall vest in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed, and also all the right, title, interest and claim of the state and county thereto, and shall be *prima facie* evidence in all courts of this state in all controversies and suits in relation

to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the following facts:

"*First*—That the real property conveyed was subject to taxation for the year or years stated in the deed.

"*Second*—That the taxes were not paid at any time before the sale.

"*Third*—That the real property conveyed had not been redeemed from the sale at the date of the deed.

"*Fourth*—That the property had been listed and assessed at the time and in the manner required by law.

"*Fifth*—That the taxes were levied according to law.

"*Sixth*—That the property was advertised for sale in the manner and for the length of time required by law.

"*Seventh*—That the property was sold for taxes as stated in the deed.

"*Eighth*—That the grantee named in the deed was the purchaser or the heir at law, or the assignee of such purchaser.

"*Ninth*—That the sale was conducted in the manner required by law."

"3904. No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary, notwithstanding; *Provided, always,* That when the owner or owners of such land, sold as aforesaid, shall at the time of the execution and delivery of the deed by the treasurer, be minor or minors, or insane or an idiot, and residing within the United States one year after such disability is removed, it shall be lawful for such person or persons, their heirs or legal representatives, to bring their suit, or action for the recovery of lands so sold, and when the recovery is effected in all cases, the value of the improvements, etc., made on the land so sold, and all taxes paid after the sale thereof, with interest thereon at the rate of fifteen per cent per annum, shall be ascertained by the jury trying the action for the recovery, and paid by the person or persons recovering the same, before he, she or they shall obtain possession of the land so recovered."

The district court in each case held the tax deeds void, and gave judgment for plaintiff without making any provision for the repayment to defendants of the taxes upon the premises paid by them or either of them.

Messrs. ROGERS & SHAFROTH, for appellants.

Mr. EDWARD L. JOHNSON, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Are the tax deeds relied upon by the defendants void upon their face?

It is admitted that the sale in the Heinrich case was made at the place fixed by the statute, but it is claimed that the sale in the Crisman case was not so made. Both sales were made at the office of the county clerk and recorder of Arapahoe county, this being the county wherein the property is situate, but after the sale in the Heinrich case, and before the sale in the Crisman case, the following statute was passed:

" On or before the first Monday in June in each year the treasurer is directed to offer at public sale, at his (the treasurer's) office, in his county, all lands on which the taxes levied the preceding year, or any preceding year, still remain unpaid; but such sale shall not be void if not made until after the day named." General Laws, 1877, sec. 2307.

The only authority by which an officer may levy and sell property for the nonpayment of taxes is such as is conferred upon him by statute. The officer has no title to the property, and the title which the purchaser procures is, therefore, dependent upon a compliance with the statutory direction or authority, unless this be waived. While there are certain provisions of the statute which are conceded to be directory, others are mandatory, and where provisions are enacted for the protection of the rights of the owner, these proceedings are mandatory, and should be strictly followed. Among the latter provisions are those designating the place of sale.

It appearing upon the face of the Crisman deed that the sale was held at a place other than that designated by the statute, the district court properly treated the deed as void, as the officer was without jurisdiction to sell at such place ; and the statute of limitations relied upon in this case cannot avail a party holding under such a deed.  Blackwell on Tax Titles (5th ed.), sec. 501 ; *Gomer v. Chaffee*, 6 Colo. 314.

While the judgment of the district court in these respects must be upheld, that court should have made provision for the recovery of the taxes paid upon the property by the defendant, and for failure to do so, the judgment must be reversed.  *Knowles v. Martin*, 20 Colo. 393.

Although the objection which we have found fatal to the Crisman deed does not apply to the sale in the Heinrich case, many other objections are urged which merit consideration. It is contended that the tax deed in this case is void, because, as it is claimed, it recites a sale of a large number of noncontiguous lots *en masse*.

This claim is based principally upon the recital in the deed of a sale of a large number of lots, not numbered consecutively. This is undoubtedly some evidence that the lots are not contiguous, but we think it is not sufficient evidence to overcome the presumptions in favor of the validity of the deed, and the regularity of the proceedings, and particularly of the recitals that the lots were exposed to public sale in substantial conformity with the statute in such case made and provided.   It is true this latter statement is the statement of a conclusion of law, but the deed follows closely the language of the statute in this respect, and the statement, having the sanction of legislative authority, should be given weight by the court. The statute permits the assessment of several adjoining lots if returned by the same person, and does not prohibit the sale in such instances of a number of lots together.   It is directed against joining not contiguous lots or tracts of land in one sale ; hence, the authorities which have been cited from states having statutory provisions unlike those of Colorado are not controlling here.   Revenue Act of 1870, sec. 37 ; Mills' Ann.

Stats., sec. 3822; Mills' Ann. Stats., sec. 3894. It is not impossible for lots numbered as those in this deed to be contiguous, although the numbers do not run consecutively. It is quite possible that the lots may lie in a body together, notwithstanding such numbers, and we are, therefore, of the opinion that the deed is not, for this reason, void upon its face. A somewhat similar question was presented to the supreme court of Kansas, in *Cartwright v. McFadden*, 24 Kan. 662. There, as here, a number of lots were included in one deed, the only essential difference being that the lots in that case were designated by odd numbers consecutively, viz., 431, 433, 435, etc., while here this regularity of numbers does not exist. In reference to this recital, the court says: " This kind of evidence might sometimes, along with other circumstances, furnish the foundation for a finding that the lots are not contiguous; but alone, and against the statutory presumptions in favor of the regularity and validity of the tax deed, and of all the prior proceedings, it cannot sufficiently prove any such fact." We think the reasoning in that case applicable here, the facts in both cases being that the lots were not consecutively numbered, although the uniformity in the numbers there is not to be found in this case, but we deem this difference of no importance, it being once conceded that the fact that the lots are not numbered consecutively in a tax deed does not render the instrument void.

Having determined that the deed to Heinrich is not void upon its face, we may next consider other alleged irregularities intervening in the proceedings, together with the statute of limitations relied upon by plaintiff in error. The curative statutes of this state with reference to the listing and sale of property are sweeping in scope and far-reaching in effect. Section 3902, Mills' Annotated Statutes, provides, among other things, that when a tax deed is regularly executed, it shall be *prima facie* evidence of certain enumerated facts.

It is contended, however, in this case, that while a tax deed is *prima facie* evidence of every fact enumerated by statute, as to all other essential matters the evidence must be sup-

plied before the deed can be received in evidence. Should we admit the correctness of this contention as a legal proposition, an examination of the statute discloses that it embraces every fact necessary to show a valid assessment and sale of the property, particularly when considered in connection with section 2261 of the General Laws of 1877. *Waddingham v. Dickson*, 17 Colo. 223.

The deed to Crisman purports to convey twenty-seven lots, and the deed to Heinrich one hundred and seventy-nine lots, all in Cottage Hill Land Company's addition to Cottage hill. It is said that a tax deed cannot convey more than one tract or lot. Of this contention it is to be observed that such a requirement would be of no benefit to the owner who is so unfortunate as to have his property sold for taxes, nor to the purchaser at a tax sale. In these cases, instead of two deeds being sufficient, it would necessitate two hundred and six separate instruments. This would involve hundreds of dollars of additional expense for execution and recording, with no possible benefit resulting to any party in interest therefrom. This point was raised in *Waddingham v. Dickson*, 17 Colo. 223, and held to be untenable. Although in that case section 2331 of the Laws of 1877 is not alluded to in the opinion, an examination of this statute discloses nothing that militates against the conclusions there reached, the object of the section being to make it a duty of the treasurer to issue a deed to the purchaser after the expiration of three years from the date of sale, and not to specify the number of lots or parcels of land that may lawfully be included in any such deed.

Among other defects or irregularities urged to the tax proceedings, are the following:

Insufficiency of notice of sale.

No record shown of meeting of board of equalization.

No evidence that the assessor swore to the assessment roll.

Assignment not of record.

Qualification of assessor not shown.

No record of a meeting of either the state or county board of equalization.

It will, of course, be admitted that there are some objections against tax titles that cannot be obviated by statute, as the effect would be to deprive the owner of property without due process of law. Among illustrations of defects of this nature may be enumerated instances where the property sold was not within the jurisdiction of the tax district, or that the sale, in fact, never took place; but as a general rule, all questions with reference to tax proceedings, except such as go to the power and jurisdiction of the taxing officers, or the fraud and misconduct of the parties, are barred by the statute. Black on Tax Titles, sec. 284.

Of the objections urged in this case, the failure to advertise the proper length of time, prior to sale, is the most serious, and if this must fail because not taken advantage of before the special statute of limitations had run, *a fortiori* must all others be overruled. Assuming, but not deciding, that the tax sale was not advertised for a sufficient length of time, prior to the sale, we think the statute was designed to cover just such cases. The claimant could have brought suit to set aside the invalid sale at any time before the statute had run, but by failure to do so he has waived his right to attack the sale for this reason. In other words, the lapse of time has made the sale unassailable. This has been expressly held in a number of cases. The statute under consideration, in the case of *Allen v. Strong*, 16 Iowa, 508, made the tax deed conclusive evidence of due notice of sale, among other things, and the court held that such notice of sale is not essential to the exercise of the taxing power. The legislature might provide for the sale of delinquent taxes upon any day, without requiring any notice whatever, and hence it was competent for the legislature to provide that the omission to give notice should not affect the validity of the sale. The opinion in that case is by Judge Dillon, and was followed in the subsequent case of *Hurley v. Powell, Levi & Co.*, 31 Iowa, 64.

A statute of Minnesota provided that in foreclosure sales "no such sale shall be held invalid or set aside by reason of any defect in the notice thereof, or in the publication and

posting of such notice * * * unless the action * * * be commenced within five years after the date of such sale," and the court held that the power of the legislature to pass such a statute could not be questioned, provided only that a reasonable time was allowed after its enactment in which to bring suits as to previous foreclosures; and, also, that the act applies when there has not been a publication for the full time prescribed by statute, and bars a recovery because of a defective notice. The action in that case was in ejectment, brought by one claiming under the mortgagor, by conveyance executed subsequent to the mortgage. *Russell v. The Akley Lumber Co.*, 48 N. W. Rep. 3 (Minn.). See, also, *Morgan et al. v. Carter et al.*, 55 N. W. Rep. 1117 (Minn.).

The statute of this state provides that no action for the recovery of lands sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary notwithstanding. As we have already stated, this provision is sweeping in its terms. It is not claimed to be in contravention of any constitutional provision, and it is the duty of the court to give it effect according to the plain intent and letter of the act. By another statute the deed, when recorded, is made *prima facie* evidence of title; so that when this deed was placed upon record, plaintiff's cause of action accrued, and the statute of limitations then commenced to run. When our revenue laws are all considered, this construction is neither harsh nor unreasonable, but necessary for the protection of purchasers at tax sales, and to secure the collection of the public revenue. Under the revenue act a considerable time must elapse between the assessment and sale. After sale, a certificate of purchase is issued to the purchaser, and three years must intervene thereafter before a tax deed can issue, and then for the first time does the five year statute of limitations commence to run, thereby giving upwards of eight years during which the owner may question the invalidity of the tax proceeding, without meeting with the bar of this statute. The liberal time given, no

doubt, was deemed sufficient by the legislature to enable the owner to fully protect his interests, and if he failed to move during all these years, it was deemed but reasonable that he could not thereafter be heard to complain.

It is seldom that a case is presented to the court showing such gross negligence on the part of the owner of property in the payment of taxes as in this case. The purchaser paid the taxes for 1875, and only became entitled to the tax deed upon payment of the taxes of 1876, 1877 and 1878. During these three years the right of redemption existed, with no attempt at its exercise. The treasurer's deed was executed and recorded in 1879, and for four years thereafter the grantee paid all taxes assessed against the property without protest on the part of the original owner. In 1881 the owner executed a quitclaim deed to all interest in the property, but it was not until the tax of 1883 became due, and at a time when the purchaser's title by the payment of another year's taxes would have become absolute under another statute, that the grantee attempted to pay any taxes upon this property. Even then he did not move to set aside the previous sale, or offer to refund the taxes paid by plaintiff, but allowed the matter to rest for more than a year before instituting suit. In these circumstances, the plaintiff is not entitled to again resume title to his property. *Waddingham v. Dickson et al.,* supra; *Morris v. St. Louis Nat. Bank,* 17 Colo. 231; *DeForesta v. Gast,* 20 Colo. 307; *Knowles v. Martin,* 20 Colo. 393.

The judgments must be reversed, and the causes remanded for further proceedings, in accordance with this opinion.

*Reversed*